**FILED**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

2017 APR 24  PM 1: 08

JACKSONVILLE DISTRICT

JOE HOUSTON, Individually,
                    Plaintiff

Case No: 3:17-cv-477-J-34JBT

v.

T & M UNITED II, LLC
A Florida Limited Liability Company
                    Defendant.
_____/

## COMPLAINT
### (Injunctive Relief Demanded)

Plaintiff, JOE HOUSTON, Individually, on his behalf and on behalf of all other individuals

similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, T & M

UNITED II, LLC dba SUNSHINE SUNOCO, (sometimes referred to as "Defendant"), for

Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans

with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.      Plaintiff is a Florida resident, lives in Broward County, is sui juris, and qualifies

        as an individual with disabilities as defined by the ADA.  Plaintiff is unable to

        engage in the major life activity of walking. Instead, Plaintiff is bound to ambulate

        in a wheelchair and has limited use of his hands.

2.      Defendant owns, leases, leases to, or operates a place of public accommodation as

        defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a)

1

and 36.104. The place of public accommodation that the Defendant owns, operates, leases or leases to is known as SUNSHINE SUNOCO, and is in the County of PUTNAM, FLORIDA.

3.      Venue is properly located in the FLORIDA MIDDLE DISTRICT because venue lies in the judicial district of the property situs. The Defendant's property is located at 276 South Highway 17, East Palatka, PUTNAM COUNTY, FLORIDA 32131 and does business within this judicial district.

4.      Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendants' violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. See also 28 U.S.C. § 2201 and § 2202.

5.      As the owner, lessor, lessee, or operator of the subject premises, Defendant is required to comply with the ADA. To the extent the property, or portions thereof, existed prior to January 26, 1993 ("pre-existing facility"), the owner, lessor, lessee, or operator has been under a continuing obligation to remove architectural barriers at that property whose removal was readily achievable, as required by 42 U.S.C. Section 12182. To the extent that the property, or portions thereof, were constructed prior to January 26, 1993 ("newly constructed facility"), the owner, lessor, lessee, or operator was under an obligation to design and construct such facilities such that they are readily accessible to and usable by individuals with disabilities, as required by 42 U.S.C. Section 12183. To the extent that the facility, or portions thereof, were altered in a manner that affects or could affect its usability ("altered facility"), the owner, lessor, lessee, or operator was under an obligation to

make such alterations in such a manner that, to the maximum extent feasible, the altered portions are readily accessible to and usable by persons with disabilities.

6.       Pursuant to 28 C.F.R. part 36.404, all newly constructed facilities were required to comply with the Standards For New Construction And Alterations, set forth in Appendix A to 28 C.F.R. part 36 ("ADAAG"). Pursuant to 28 C.F.R. part 36.404, all altered facilities were required to comply with the ADAAG to the maximum extent feasible. Pursuant to 28 C.F.R. part 36.304, all measures taken to comply with barrier removal requirements of 42 U.S.C. Section 12182 must also comply with the ADAAG to the maximum extent feasible. Failure to comply with these requirements constitutes a violation of the ADA.

7.       A preliminary inspection of has shown that violations exist. These violations include, but are not limited to:

> i. The facility fails to provide a " van space " in violation of Section208.2.4 and 502.6, of the new ADAAG and 4.1.2(5)(b) of the old  ADAAG.

> ii. The facility fails to maintain proper signage for all accessible parking spaces (facing wrong direction) in violation of section 502.6, of the new ADAAG and 4.6.4 of the old ADAAG, whose resolution is readily achievable.

> iii. The facility fails to provide sufficient access aisle ( worn ) in violation of section 502.3.1 and 209.2.1, of the ADAAG whose resolution is readily achievable.

> iv. The facility fails to maintain an accessible route and a continuous path of travel free from obstructions and providing a firm and stable floor and ground surface in violation of section 302.1,of the ADAAG whose resolution is readily achievable.

> **Accessible Routes**

> v. The facility does not provide an adequately wide path of travel that complies with the ADAAG section 403.5.1 of the new and 4.3.3 of the old, whose resolution is readily achievable.

**Restrooms**

vi.     The facility fails to provide required grab bars in all restrooms in violation of section and 604.5.1 and 604.5.2, of the new ADAAG and 4.17.6 of the old ADAAG, whose resolution is readily achievable.

vii. The facility fails to properly wrap the pluming in all the restrooms, violating section 606.5, of the new ADAAG and 4.19.4 of the old ADAAG, whose resolution is readily achievable.

viii. The facility fails to provide grab bars at the proper height violating section 609.4 of the new ADAAG, and 4.16.4 of the old, whose resolution is readily achievable.

ix. The door has improper handle for disabled persons, in violation of section 309.4, of the new ADAAG and 4.13.9 of the old ADAAG, whose resolution is readily achievable.

x. The mirrors provided by the facility fail to meet the height requirements of the of the ADAAG section 603.3 new and 4.19.6 of the old, whose resolution is readily achievable.

8.      Plaintiff has visited the property which forms the basis of this lawsuit and plans to return to the property to avail himself of the goods and services offered to the public at the property, and to determine whether the property has been made ADA compliant. The Plaintiff has encountered barriers at the subject property which discriminate against him on the basis of his disability.

9.      In the alternative, Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.

10.     The violations present at Defendant's facility, create a hazard to Plaintiff's safety.

4

11.     Plaintiff is continuously aware of the violations at Defendant's facility and is aware that it would be a futile gesture to return to the property as long as those violations exist unless she is willing to suffer additional discrimination.

12.     The violations present at Defendants' facility infringe Plaintiff's right to travel free of discrimination.  Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendant's facility. By continuing to operate a place of public accommodation with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the goods, services, facilities, privileges and/or accommodations available to the general public. By encountering the discriminatory conditions at Defendant's facility, and knowing that it would be a futile gesture to return unless he is willing to endure additional discrimination, Plaintiff is deprived of the meaningful choice of freely visiting the same accommodations readily available to the general public and is deterred and discouraged from additional travel.  By maintaining a public accommodation with violations, Defendant deprives plaintiff of the equality of opportunity offered to the general public.

13.     Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to comply with the requirements of the ADA.

14.     Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA with respect to this property as described but not necessarily limited to the allegations in paragraph 7 of this

Complaint. Plaintiff has reasonable grounds to believe that she will continue to be subjected to discrimination in violation of the ADA by the Defendant. Plaintiff desires to visit not only to avail himself of the goods and services available at the property but to assure himself that this property is in compliance with the ADA so that he and others similarly situated will have full and equal enjoyment of the property without fear of discrimination.

15. The Defendant has discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the goods, services, facilities, privileges, advantages and/or accommodations of the subject property, as prohibited by 42 U.S.C. § 12182 et seq.

16. The discriminatory violations described in paragraph 7 are not an exclusive list of the Defendant's ADA violations. Plaintiff requires the inspection of the Defendant's place of public accommodation in order to photograph and measure all of the discriminatory acts violating the ADA and all of the barriers to access. The Plaintiff, and all other individuals similarly situated, have been denied access to, and have been denied the benefits of services, programs and activities of the Defendant's buildings and its facilities, and have otherwise been discriminated against and damaged by the Defendants because of the Defendant's ADA violations, as set forth above. The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA as requested herein. In order to remedy this discriminatory situation, the Plaintiff requires an inspection of the Defendant's

place of public accommodation in order to determine all of the areas of non-compliance with the Americans with Disabilities Act.

17.     Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302 et seq. Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such efforts that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

18.     Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

19.     Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendants to alter to make those facilities readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA; or by closing the facility until such time as the Defendants cure its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a. The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq..

b. Injunctive relief against the Defendant including an order to make all readily achievable alterations to the facility; or to make such facility readily accessible to and usable by individuals with disabilities to the extent required by the ADA; and to require the Defendant to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all offered goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities; and by failing to take such stops that may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services.

c. An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d. Such other relief as the Court deems just and proper, and/or is allowable under Title III of the Americans with Disabilities Act.

Respectfully Submitted,

By: _____

NADINE A. BROWN, ESQ., OF COUNSEL
Thomas Bacon, P.A.
1073 Willa Springs Drive, Suite 1017
Winter Springs, Florida 32708
Tel: (407) 678-2224
esquirebrown@nadinebrownpa.com
Florida Bar#0123013

/s/Thomas B. Bacon, Esq.
644 North Mc Donald St.
Mt. Dora, FL 32757
ph. (954) 478-7811
tbb@thomasbaconlaw.com
Florida Bar. Id. No. 139262